IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–00638–EWN–CBS


GRAYMORE, LLC, a Colorado limited
liability company,

      Plaintiff,

v.

CHESTER GRAY,

      Defendant.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

      This case involves tort, fraud, and breach of contract claims arising from Defendant

Chester Gray's alleged efforts to interfere with the registration and/or redemption of certain pre-

World War II German gold bearer bonds (hereinafter the "Bonds") purportedly owned by Plaintiff

GrayMore, LLC, and valued by Plaintiff at over two billion dollars.  This matter is before the

court on "Defendant's Motion for Attorney's Fees Pursuant to C.R.S. [sic] 13–17–201" and

"Defendant's Motion for Sanctions Pursuant to 28 U.S.C. § 1927," both filed May 10, 2007.

Jurisdiction is premised upon diversity pursuant to 28 U.S.C. § 1332.

**FACTUAL BACKGROUND**

The facts and procedural history of this case are set forth in this court's April 6, 2007, order dismissing the case for lack of personal jurisdiction over Defendant. (Order and Mem. of Decision [filed Apr. 6, 2007] [hereinafter "Order"].) Familiarity therewith is assumed. On April 18, 2007, final judgment was entered in favor of Defendant. (Final J. [filed Apr. 19, 2007] [hereinafter "Final J."].) On April 20, 2007, Plaintiff filed a motion for reconsideration. (Pl.'s Mot. for Relief from J. or, in the Alternative, to Transfer Venue [filed Apr. 20, 2007] [hereinafter "Pl.'s Reconsideration Br."].)

The parties' briefing on dismissal clearly showed their agreement that, although Alfred Moresi, managing member of Plaintiff, and Defendant met personally on several occasions to discuss the formation of Plaintiff, "none of the meetings took place in Colorado." (Order at 2, 25.) This undisputed fact was essential to my conclusion that this court could not exercise specific jurisdiction over Defendant based on business contacts. (*See id.* at 13–22.) Nonetheless, in Plaintiff's motion for reconsideration, it presented purportedly newly discovered evidence showing "Defendant <u>did</u> subject himself to personal jurisdiction in Colorado because he traveled [to Colorado] where he negotiated the terms of contracts related to Plaintiff's formation and made many of the representations supporting Plaintiff's claim." (Pl.'s Reconsideration Br. at 7 [emphasis in original].) Attached to Plaintiff's motion was an affidavit by Mr. Moresi, which stated: "I met with Defendant . . . at Denver International Airport [hereinafter "DIA"] on January 22, 2004, for several hours where Defendant and I negotiated the material terms related to Plaintiff's formation and what we would do in relation to Plaintiff's purpose of redeeming the

[B]onds . . . ." (*Id.*, Ex. 1 [Moresi Aff.].)  Attached to Mr. Moresi's affidavit was what he

represented to be a copy of the January 22, 2004, Delta Airline ticket that he had purchased for

Defendant, and that Defendant had used to come to Denver from Los Angeles for a January 22,

2004 meeting at DIA.  (*Id.*, Ex. 1 ¶ 4 [Moresi Aff.], Ex. A-1 [1/22/07 Ticket].)  Mr. Moresi

explained his memory lapse regarding the meeting as follows:

> I found the airline ticket after going back through Plaintiff's records about my
> communications with Defendant after I read the statement in the last part of the [Order]
> that Plaintiff had failed to inform the [c]ourt that I was in Colorado when I had received
> faxes and phone calls from Defendant.
>
> Therefore, I erred in my earlier representations to the [c]ourt that my face-to-face
> meetings with Defendant about Plaintiff had all occurred outside of Colorado.

(*Id.*, Ex. 1 ¶¶ 5–6 [Moresi Aff.].)  Plaintiff argued its error in failing to present this evidence prior

to the court's issuance of the Order of dismissal was "excusable neglect" warranting relief from

judgment.  (*Id.* at 8.)

　　　After reviewing Plaintiff's motion to reconsider, Defendant's counsel contacted Delta

Airlines and discovered that Defendant had never used the January 22 ticket from Los Angeles to

Denver.  (Def. Chester Gray's Resp. to Pl.'s Mot. for Relief from J. or, in the Alternative, to

Transfer Venue at 5 [filed May 10, 2005] [hereinafter "Def.'s Reconsideration Resp."].)  On April

27, 2007, Defendant's counsel emailed Plaintiff's counsel to put him on "notice of the false

affidavit and misleading exhibit."  (*Id.*, Ex. A at 2 [4/27/07 11:36 A.M. Email].)  Defense counsel

explained:

> John, I must tell you that with very little effort, I have been able to confirm that the
> ticket you provided as evidence of the DIA meeting was not used at all on January
> 22, 2004, and its status in the Delta Air Lines database remains "open."  I have

spoken with several Delta Air Lines personnel, including their legal department, and have been able to confirm that the ticket was not used on [January 22]. Mr. Moresi's "sudden recollection" of such an important meeting was certainly suspicious enough to warrant an inquiry by any reasonable person, and now that my suspicions have been confirmed, it can only be viewed as specious and fraudulent.

(*Id.*)

Plaintiff's counsel responded:

Mr. Moresi stands by his testimony that he met with [Defendant] in Denver on January 22, 2004. He arranged for [Defendant] to use the ticket attached to the motion and understood that [Defendant] had used that ticket to come here. Mr. Moresi has journal notes of his meeting with [Defendant] in Denver.

. . . .

I note that your statements about the ticket are limited and are not supported with any records. For example, you do not say where [Defendant] was on Jan[uary] 22. You also do not state whether [Defendant] used any part of the ticket on any other date. Please provide copies of all records you have received from Delta, any other airline, [Defendant,] or anyone else about [Defendant's] travel and whereabouts in Dec[ember] 2003 and Jan[uary] 2004.

Therefore, I believe [Defendant] did come to Colorado on Jan[uary] 22 and will not withdraw the Motion. We should both have more information about these issues next week. I suggest that you obtain and provide the records I have requested and wait to see about Mr. Moresi's journal entries before you respond to the Motion.

(*Id.*, Ex. A at 3 [4/27/07 12:34 P.M. Email].) A few hours later, Defendant's counsel emailed

Plaintiff's counsel a copy of Delta records showing Defendant had not used the January 22, 2004,

ticket and warned:

You have filed a pleading with the court stating that despite Mr. Moresi's complete lack of any recollection of the alleged meeting until after the entire case was dismissed, Mr. Moresi nonetheless now states that he "met with Defendant . . . at [DIA] on January 22, 2004 for several hours," and you have

> supported this allegation with "a copy of the January 22, 2004 airline ticket [Mr.] Moresi purchased for Defendant that Defendant used to come to Denver from Los Angeles . . . ." [Mr.] Moresi also filed a sworn affidavit with the court stating the same thing.
>
> Delta records show that this is simply not true. . . .  I have done my best to notify you as an officer of the court that the above statements are false and misleading. Based on your response, I will assume that you are not going to withdraw the motion.  I will therefore proceed with preparing [Defendant's] response.

(*Id.*, Ex. A at 10–11 [4/27/07 4:19 P.M. Email].)

On April 30, 2007, Plaintiff's counsel admitted that Defendant did not use the airline ticket at issue.  (*Id.*, Ex. A at 13–14 [4/30/07 5:28 P.M. Email with Attach.].)  Nonetheless, Plaintiff's counsel reported uncovering other evidence supporting Mr. Moresi's allegation that he met with Defendant in Colorado on January 22, 2004, including: (1) invoices from [Defendant's] hotel in Los Angeles showing that, although he had stayed and eaten there from January 15, 2004, through January 23, 2004, he had no meal charges for January 22, 2004; (2) Mr. Moresi's calendar showing an appointment with Defendant from 11:00 A.M. to 1:00 P.M.; (3) Mr. Moresi's journal showing he talked with Defendant on January 16, 2004, about coming to Denver on January 22, 2004; and (4) invoices from Plaintiff's law firm showing Mr. Moresi had a two-hour hearing involving a copyright injunction at 3:00 P.M. on January 22, 2004, but that Plaintiff's counsel and Mr. Moresi did not meet that day prior to the hearing.  (*Id.*)  Plaintiff emphasized that, at the very least, the ticket receipt showed Defendant planned to come to Colorado, and Defendant had yet to produce evidence showing where he was on January 22, 2004.  (*Id.*)

> Later that evening, Defendant's counsel responded:
>
> The case has been dismissed.  None of this is new evidence.  It has all been in your client's possession for years.  For what its worth, none of it shows [Defendant] ever came to Colorado.
>
> I understand that you are unwilling [to] withdraw the motion, and as such I will file my response.

(*Id.*, Ex. A at 15 [4/30/07 6:07 P.M. Email].)

On May 9, 2007, counsel for both parties had a lengthy discussion about settlement and the motion for reconsideration, and Defendant's counsel reiterated his belief that Plaintiff's motion was reckless and cavalier.  (*See* Def.'s Mem. in Supp. for [sic] Att'y's Fees Pursuant to C.R.S. [sic] 13–17–201 and for Sanctions Pursuant to 28 U.S.C. § 1927 at 7 [filed May 10, 2007] [hereinafter "Def.'s Fees and Sanctions Br."]; Pl.'s Resp. Opposing Mot. for Att'y Fees Pursuant to 28 U.S.C. § 1927 at 7 [filed May 11, 2007] [hereinafter "Pl.'s Sanctions Resp."].)  During the conversation, Plaintiff's counsel confirmed that his client did not intend to withdraw the motion and suggested that any issues with the affidavit could be clarified in Plaintiff's reply brief.  (Def.'s Fees and Sanctions Br. at 2)  That evening, Plaintiff's counsel sent the following email to Defendant's counsel:

> If [Defendant] would agree not to seek sanctions, I will recommend withdrawing the Motion [to Reconsider] so the parties can see whether a settlement is possible without continuing to devote resources to the current lawsuit.  If you need more time to talk with [Defendant], [Plaintiff] will stipulate to an extension of time for the response to the Motion for Relief from Judgment.

(Pl.'s Sanctions Resp. at 7 [quoting 5/9/07 7:25 P.M. Email].)  Defendant's counsel informed Plaintiff that it intended to file a motion for sanctions.  (*Id.*)

According to Plaintiff's counsel, on the morning of May 10, 2007, (the day Defendant's response to Plaintiff's motion for reconsideration was due) he met with Mr. Moresi and recommended withdrawing the motion for reconsideration, to which Mr. Moresi agreed. (*Id.*) That day, at 11:37 A.M., Plaintiff filed a motion to withdraw its motion for reconsideration. (Pl.'s Withdrawal of Mot. for Relief from J. or, in the Alternative, to Transfer Venue [filed 5/10/07].) At 11:54 A.M., Defendant filed his response to Plaintiff's motion to reconsider. (Def.'s Reconsideration Resp.) At 12:15 P.M., the court terminated Plaintiff's motion to reconsider. (*See* Doc. Annotation No. 57.) Later that day, Defendant filed a brief in support of his motions for attorney fees and sanctions, arguing he was due attorney fees: (1) pursuant to Colorado state law because the case sounded in tort; and (2) as a sanction for Plaintiff's counsel's submission of and failure to timely withdraw the motion to reconsider. (Def.'s Fees and Sanctions Br.) On May 11, 2007, Plaintiff responded to the motions. (Pl.'s Resp. Opposing Mot. for Att'y's Fees Pursuant to C.R.S. [sic] § 13–17–201 [filed May 10, 2007] [hereinafter "Pl.'s Fees Resp.]; Pl.'s Sanctions Resp.) On May 18, 2007, Defendant replied in support of his motion. (Def.'s Reply in Supp. of his Mots. for Att'y's Fees Pursuant to C.R.S. [sic] 13–17–201 and Sanctions Pursuant to 28 U.S.C. § 1927 [filed May 18, 2007] [hereinafter "Def.'s Fees and Sanctions Reply"].)

## ANALYSIS

### *1.     Attorney Fees Pursuant to Colorado Revised Statutes Section 13–17–207*

#### *a.      Legal Standard*

Defendant seeks "mandatory" attorney fees pursuant to Colorado Revised Statutes section 13–17–201. (Def.'s Fees and Sanctions Br.) As an initial matter, I note the Tenth Circuit applies

state law in deciding whether to grant attorney fees in diversity actions. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000). Colorado Revised Statutes section 13–17–201 provides for an award of "reasonable" attorney fees "[i]n all actions . . . occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure." Colo. Rev. Stat. § 13–17–201 (2007). Although the statute addresses claims dismissed pursuant to the Colorado Rules of Civil Procedure, federal courts have applied it to dismissals, such as the one in the instant case, pursuant to Federal Rule of Civil Procedure 12(b). *See, e.g.*, *Jones*, 203 F.3d at 757. Thus, attorney fees are "mandatory" under section 13–17–201 "whenever an entire tort action is dismissed prior to trial pursuant to a [12(b)] motion." *Sweeney v. UA Theater Circuit*, 119 P.3d 538, 541 (Colo. Ct. App. 2005). The court is to "rely on the plaintiff's characterization of the claims in the complaint" to determine whether Defendant was subject to a tort claim. *Kennedy v. King Soopers, Inc.*, 148 P.3d 385, 388 (Colo. Ct. App. 2006); *accord Sweeney*, 119 P.3d at 541.

### b.    *Evaluation of Claim*

Defendant argues that because he prevailed on a motion to dismiss under Federal Rule of Civil Procedure 12(b) and Plaintiff's complaint sounded in tort, he is due attorney fees pursuant to section 13–17–201. (Def.'s Fees and Sanctions Br.) Plaintiff counters that Defendant's motion must be denied because: (1) it is untimely; (2) it is incomplete; and (3) Plaintiff's claims sounded in contract. (Pl.'s Fee Resp.) I need only address Plaintiff's timeliness argument.

Defendant did not file his motion for fees until May 10, 2007, just over three weeks after entry of final judgment. (*See* Final J.; Def.'s Mot. for Att'y's Fees Pursuant to C.R.S. [sic]

13–17–201 [filed May 10, 2007].)  The parties do not brief the issue of whether state or federal

rules of procedure govern the timeliness of Defendant's motion under *Erie* and its progeny.  (*See*

Def.'s Fees and Sanctions Br.; Pl.'s Fees Resp.)  I find, however, that regardless of whether the

state or federal rules dictate the filing deadline at issue, Defendant's motion for fees is untimely.

As Plaintiff points out, Federal Rule of Civil Procedure 54 provides that motions for attorney fees

must be filed within fourteen days of the entry of judgment, "[u]nless otherwise provided by

statute or order of the court."  Fed. R. Civ. P. 54(d)(2)(B) (2007).  Defendant's motion for fees

was, therefore, untimely under the Federal Rules.

   Defendant, however, argues his filing was timely under Colorado Revised Statutes section

13–17–201, because that statute has no time limit.  (Def.'s Fees and Sanctions Reply at 3–5.)

Setting aside the preposterous notion that nothing stands in the way of a defendant who has won

a dismissal from filing for fees pursuant to section 13–17–201, say, fifteen years after entry of

judgment, I find that a filing deadline *does* accompany the state statute at issue.  Colorado Rule of

Civil Procedure 121 requires that motions for fees be filed "within fifteen days of entry of

judgment or such greater time as the court may allow."  Colo. R. Civ. P. 121 § 1-22(2)(b) (2007).

 The rule's scope plainly extends to the statute at issue in the instant case:

> This practice standard applies to requests for attorney fees made at the conclusion
> of the action, including . . . . awards of fees made to a prevailing party pursuant to
> a contract or statute where the award is dependent upon the achievement of a
> successful result in the litigation in which fees are to be awarded and the fees are
> for services rendered in connection with the litigation.

*Id.* § 1-22(2)(a).  In the case *sub judice*, the award of fees: (1) is requested "pursuant to

a . . . statute;" (2) is "dependent upon the achievement of a successful result in the litigation;" and

(3) would be "for services rendered in connection with the litigation." *See id.* Thus, Colorado Rule 121 applies to Defendant's motion.

Defendant proffers no argument to the contrary, save that "the undersigned is unaware of any Colorado court holding that a motion for fees under section 13–17–201 is untimely." (Def.'s Fees Br. at 5.) Then, let this court be the first to so hold. *Cf. Westec Constr. Mgmt. Co. v. Postle Enters. I*, 68 P.3d 529, 536 (Colo. Ct. App. 2002) (finding a motion for fees timely because it was filed within fifteen days of entry of judgment); *accord Town of Alma v. Azco Constr., Inc.*, 985 P.2d 56, 58 (Colo. Ct. App. 1999). I acknowledge that under the procedural rules for both the federal judiciary and the state of Colorado, this court has discretion to change the filing deadline. *See* Fed. R. Civ. P. 54(d)(2)(B) (2007); Colo. R. Civ. P. 121 § 1-22(2)(b) (2007). However, Defendant has proffered no arguments, and I can think of none, as to why the court should exercise its discretion to extend the filing deadline in the instant case. *See Major v. Chons Bros.*, 53 P.3d 781, 788 (Colo. Ct. App. 2002) ("Here, [defendant] filed its motion for attorney fees twenty-four days after the expiration of the fifteen-day period prescribed by [Colo. R. Civ. P.] 121 § 1-22. [Defendant] neither requested an extension of time within which to request fees nor offered an excuse for its tardiness. Under the circumstances, we discern no abuse of the trial court's discretion in striking [defendant's] belated motion."). Based on the foregoing, I deny Defendant's motion for fees as untimely under both the Federal and Colorado Rules of Civil Procedure.

**2.      *Sanctions Pursuant to 28 U.S.C. § 1927***

**a.      *Legal Standard***

Defendant seeks sanctions against Plaintiff's counsel in the form of attorney fees for time spent preparing a response to Plaintiff's motion for reconsideration.  (Def.'s Sanctions Br.) Pursuant to 28 U.S.C. § 1927 (hereinafter "section 1927"): "Any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C.S. § 1927 (LexisNexis 2007).  In determining whether an attorney should be subject to sanctions under section 1927, the Tenth Circuit has rejected a subjective good faith inquiry in favor of an objective analysis.  *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998).  If an attorney's conduct "'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court,'" he is responsible for the excess costs, expenses, and attorney fees caused by his lack of care.  *Id.* (quoting *Bradley v. Campbell*, 832 F.2d 1504, 1512 [10th Cir. 1987]). "Sanctions are appropriate, then, when an attorney is cavalier or 'bent on misleading the court' . . . [or] intentionally acts without plausible basis . . . ."  *Id.* (quoting *Herzfeld & Stern v. Blair*, 769 F.2d 645, 647 [10th Cir. 1985]).

**b.      *Evaluation of Claims***

Defendant argues that Plaintiff's counsel, by filing the motion for reconsideration, advanced and cavalierly maintained a legal argument that, viewed objectively, manifested either intentional or reckless disregard of an attorney's duties to the court.  (Def.'s Sanctions Br. at 5.)

Essentially he argues: (1) Plaintiff's motion rested on an obvious fallacy — *i.e.*, Plaintiff's counsel knew or should have known that the alleged January 22, 2004, meeting at DIA was not supported in fact; and (2) even if there was competent evidence of the January 22 meeting, Plaintiff lacked any legal basis for pursuing his motion to reconsider. (*Id.* at 5–8.) Plaintiff counters that Defendant's motion for sanctions must be denied because: (1) it is incomplete; and (2) counsel had a sufficient basis for alleging the January 22, 2004, meeting took place. (Pl.'s Sanctions Resp.) I address each argument in turn.

### i.      *Completeness*

As an initial matter, Plaintiff contends that this court's local rules require Defendant's motion to have detailed the services rendered by Defendant's counsel and been supported by an affidavit. (Pl.'s Fees Resp. at 1–2.) Local Rule 54.3 provides: "Unless otherwise ordered by the court, a motion for attorney fees shall be supported by one or more affidavits." D.C.Colo.LCivR 54.3 (2007). Further, the motion shall include: (1) "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed;" and (2) "a summary of relevant qualifications and experience." *Id.* Defendant contends Rule 54.3 is inapplicable to his motion, because the motion is for section 1927 *sanctions* in the form of attorney fees and is, thus, not a motion for attorney fees to which the Local Rule applies. (Def.'s Fees and Sanctions Reply at 5–6.) I agree. Local Rule 54.3 plainly states that it applies to "motion[s] for attorney fees," rather than motions for sanctions. D.C.Colo.LCivR 54.3 (2007). Moreover, I find Federal Rule of Civil Procedure 54(d)(2) persuasive by analogy. As discussed above, this rule lays out the prerequisites to counsel receiving attorney fees, including that the

moving party must "state the amount or provide a fair estimate of the amount sought." Fed. R.

Civ. P. 54(d)(2)(B) (2007). Subsection (d)(2)(E) of the rule, however, makes clear that the

prerequisites for receipt of fees "do not apply to claims for fees and expenses as sanctions for

violation of these rules or under [section] 1927." Fed. R. Civ. P. 54(d)(2)(E) (2007); *see Steinert*

*v. Winn Group, Inc.*, 440 F.3d 1214, 1226 (10th Cir. 2006) (noting that defendant's counsel's

failure to specify the basis for the ultimate award in violation of Federal Rule of Civil Procedure

54[d][2][B] was irrelevant in the context of a motion for section 1927 sanctions). Based on the

foregoing, I find Defendant's failure to support his request for fees as a sanction with an affidavit

and detailed description of the basis for the fees does not render the motion unviable. Of course,

the court would require such information to calculate any fees owed, but it does not need the

information to determine whether sanctions are due.

### ii.      *Sufficiency of Basis for Motion to Reconsider*

It is well established that:

> [b]y presenting to the court . . . a pleading, written motion, or other paper, an
> attorney . . . is certifying that to the best of the person's knowledge, information
> and belief, formed after an inquiry reasonable under the circumstances,
>
> > (1) it is not being presented for any improper purpose, such as to harass or
> > to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted
> > by existing law or by a non frivolous argument for the extension,
> > modification, or reversal of existing law or the establishment of new law;
> >
> > (3) the allegations and other factual contentions have evidentiary
> > support . . . .

Fed. R. Civ. P. 11 (b)(1)–(3) (2007).

### *(1)      Factual Basis Underlying Motion to Reconsider*

Defendant essentially argues that Plaintiff's motion to reconsider was based on factual contentions without evidentiary support. (Def.'s Fees and Sanctions Br.) I agree. As an initial matter, the timing of Mr. Moresi's belated revelation regarding the alleged January 22, 2004, meeting is clearly suspect. Still, I cannot say that the mere lateness of Mr. Moresi's recollection ineluctably leads to conclusion that he fabricated the meeting. As Plaintiff's brief suggests, Plaintiff's counsel has had a long relationship with Mr. Moresi and presumably took him at his word when he signed an affidavit stating Defendant used the ticket at issue to meet with Plaintiff on January 22. (*See* Def.'s Reconsideration Resp., Ex. A at 3 [4/27/07 12:34 P.M. Email].) That Plaintiff's counsel was willing to submit Mr. Moresi's affidavit detailing the alleged January 22 meeting without further inquiry does not strike this court as unreasonable considering that Mr. Moresi produced a facially valid receipt for an airline ticket he had purchased in Defendant's name for the relevant date. (Pl.'s Reconsideration Br., Ex. A11 [1/22/07 Ticket].)

Nonetheless, once alerted to the invalidity of the ticket, and considering the timing of Mr. Moresi's recollection, I find Plaintiff's counsel had a duty to immediately withdraw the motion to reconsider. That Mr. Moresi discovered notations in his journal and calendar showing that a meeting was planned on January 22 with Defendant, and that Mr. Moresi was not with Plaintiff's counsel the morning the alleged meeting took place, falls far short of establishing sufficient evidentiary support for Plaintiff's motion. Put simply, Plaintiff's counsel's willingness to rely on Mr. Moresi's miraculously refreshed memory, an unused airline ticket, a journal entry, and a calendar entry as the primary basis for his motion to reconsider reflects not only a decidedly low

caliber of lawyering, but shows that Plaintiff's counsel pursued and cavalierly maintained an

argument that, viewed objectively, was without factual basis. *See Miera*, 143 F.3d at 1342.

Sanctions in the form of attorney's fees incurred by Defendant's counsel in responding to

Plaintiff's groundless motion are, thus, appropriate. *See id.*

### (2)     *Legal Basis Underlying Motion to Reconsider*

Even if Plaintiff's motion to reconsider was based on sufficient evidentiary support, I find,

as Defendant argues, that the motion was without any legal basis.  (Def.'s Fees and Sanctions Br.

at 6.)  In essence, Defendant contends that Plaintiff's motion was not "warranted by existing law

or a non frivolous argument for extension, modification, or reversal of existing law."  *See* Fed. R.

Civ. P. 11(b)(2) (2007).  I agree.

A motion to reconsider may be appropriate under Federal Rule of Civil Procedure 60(b),

which states:

> On motion and upon such terms as are just, the court may relieve a party or a
> party's legal representative from a final judgment, order, or proceeding for the
> following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)
> newly discovered evidence which by due diligence could not have been discovered
> in time to move for a new trial . . .; (3) fraud . . ., misrepresentation, or other
> misconduct of an adverse party; (4) the judgment is void; (5) the judgment has
> been satisfied, released, or discharged . . .; (6) any other reason justifying relief
> from the operation of the judgment.

Fed. R. Civ. P. 60(b)(1) (2007).  As the rule suggests, a motion to reconsider is granted only

under limited circumstances.  The Tenth Circuit has explained, "Grounds warranting a motion to

reconsider include[:] (1) an intervening change in the controlling law, (2) new evidence previously

unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the*

-15-

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).  Such relief "is extraordinary and may only be granted in exception circumstances."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

In its motion, Plaintiff argued reconsideration was appropriate — in large part — because, "[t]hrough inadvertence, Plaintiff failed to present the evidence about Defendant's trip to Colorado before the [c]ourt entered its Order."  (Pl.'s Reconsideration Br. at 4.)  For apparently the same reason, Plaintiff failed to proffer evidence showing Mr. Moresi received numerous faxes from Defendant in Colorado regarding formation of Plaintiff.  (*Id.*)  Plaintiff openly admits that this evidence had always been in its possession.  (*Id.*)  Nonetheless, with little ado, Plaintiff simply submitted these imperative documents in its motion to reconsider with no explanation of its failure to do so earlier, save that Mr. Moresi forgot he possessed the documents.  (*Id.* at 4–5, Ex. 1 [Moresi Aff.], Ex. A-1 [1/22/07 Ticket], Exs. A-11–A-20 [Faxes].)

Plaintiff fails even to mention Federal Rule of Civil Procedure 60(b)(2), which addresses reconsideration based on newly discovered evidence and, thus, controls Plaintiff's motion.  (*See* Pl.'s Reconsideration Br.)  Rule 60(b)(2) allows this court to grant relief from judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial."  Fed. R. Civ. P. 60(b)(2) (2007).  This rule is clear on its face and systematically enforced by courts throughout this circuit.  *See Beugler v. Burlington N. & Santa Fe Ry.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (upholding district court's refusal to grant Rule 60[b] relief because plaintiff's evidence "was not in fact 'new' because it was known or

-16-

discoverable before the court entered summary judgment in favor of" defendant); *Knight v. Knight*, 123 F. App'x 342, 344 (10th Cir. 2005 ) ("It is clear that this evidence existed prior to dismissal.  Even if plaintiff asserts he was unaware of it before his case was dismissed, he has not made the requisite showing that he had made a diligent attempt to discover it before dismissal."); *see also Kemper v. Barnhart*, 193 F. App'x 735, 736 (10th Cir. 2006) (noting Rule 60[b] "allows the district court to relieve a party from final judgment on a showing of 'newly discovered evidence' which by due diligence could not have been discovered in time to move for a new trial under Rule 59[b]"); *accord Berry v. Stevinson Chevrolet*, 828 F. Supp. 827, 828 (D. Colo. 1993). Because Plaintiff does not and cannot assert that any of its "new" evidence was undiscoverable with due diligence prior to dismissal, Plaintiff's motion to reconsider patently fails to comport with the standard laid out in Rule 60(b).  (*See* Pl.'s Mot. for Reconsideration; Pl.'s Fees Resp.)  I find Plaintiff's request that this court reconsider its Order based on new evidence that was within Mr. Moresi's possession at all relevant times is wholly without basis in the law, and Plaintiff's counsel would have discovered his clear error if he had undertaken a reasonable inquiry into the legal basis for the motion.  In that sense, Plaintiff's attorney's conduct "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court," and, therefore, Plaintiff's counsel is responsible for the excess costs, expenses, and attorney fees caused by his lack of care.  *Miera*, 143 F.3d at 1342.

Plaintiff's counsel argues that he should not be responsible for any costs to Defendant in connection with the motion to reconsider because Plaintiff withdrew the motion *before* Defendant responded.  (Pl.'s Sanction Resp. at 6–7.)  Plaintiff's withdrawal of the motion, which incidentally

suggests tacit recognition of the motion's groundlessness, does not save Plaintiff's counsel from

bearing the responsibility for paying Defendant's costs accrued in preparing his response to the

motion.  Plaintiff's duty to the court was to undertake a reasonable inquiry into the legal basis

behind the motion *prior* to filing it.  *See* Fed. R. Civ. P. 11 (b)(2) (2007).  Plaintiff's counsel made

plain to Defendant on several occasions that he had no intention of withdrawing the motion.  (*See*

Def.'s Reconsideration Resp., Ex. A at 3 [4/27/07 12:34 P.M. Email], 13–14 [4/30/07 5:28 P.M.

Email with Attach.].)  Defendant's counsel, in turn, made plain that he was proceeding to prepare

his response to the motion to reconsider.  (*See id.*, Ex. A at 10–11 [4/27/07 4:19 P.M. Email],

4/30/07 6:07 P.M. Email].)  On May 9, 2007, counsel for both parties had a discussion in which

Plaintiff's counsel reiterated his unwillingness to withdraw the motion.  (Def.'s Fees and

Sanctions Br. at 7; Pl.'s Sanctions Resp. at 7.)  Yet, Plaintiff's counsel argues that his decision to

withdrawn the motion on May 10, 2007, *the day Defendant's response was due*, is sufficient to

save him from having to bear Defendant's costs incurred in responding to the motion.  (Pl.'s

Sanctions Resp. at 6–7.)  Plaintiff's counsel is sorely misguided.  In this case, Plaintiff's counsel's

filing of a baseless motion coupled with his dogged refusal to withdraw the motion in a timely

manner constitutes an unreasonable and vexatious multiplication of the proceedings.  *See* 28

U.S.C.S. § 1927 (LexisNexis 2007); *cf. Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1225 (10th

Cir. 2006) (finding no section 1927 violation when plaintiff's counsel "acquiesced in [d]efendant's

counsel's first and only attempt to dismiss the . . . claim," leading the court to find it could not

"say that [Plaintiff's counsel] multiplied the proceedings").  Accordingly, as a sanction for filing

and then failing to timely withdraw Plaintiff's motion to reconsider, Plaintiff's counsel must pay

Defendant's counsel's reasonable attorney fees incurred in responding to the motion.  Within ten

days of the entry of this order, Defendant shall submit: (1) a detailed description of the services

rendered, the amount of time spent, the hourly rate, and the total amount claimed; (2) a summary

of relevant qualifications and experience; and (3) an affidavit in support of these submissions.

*3.*     *Conclusions*

Based on the foregoing it is therefore ORDERED that:

1.     Defendant's motion for attorney fees (#59) is DENIED.

2.     Defendant's motion for sanctions (#60) is granted consistent with this order.

Dated this 15th day of November, 2007.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge